[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Plaintiff moves (1) to set aside the decision of this court on the grounds that it is contrary to the law and evidence, (2) to reopen the record on the grounds a newly discovered witness will testify that defendant concealed relevant evidence and testified falsely and (3) for a new trial on the grounds of newly discovered evidence.
The facts are as follows: The plaintiff sued defendant for insurance commissions allegedly earned and for damages for defendant's alleged breach of contract. The case was tried before this court for four days, concluding on August 30, 1995. A post-trial briefing schedule was set, which plaintiff's attorney had extended, so that final briefs were not filed until late November, 1995. This court rendered its decision on December 7, 1995, holding for the defendant on plaintiff's complaint and for the defendant and against the plaintiff on defendant's counterclaim. A material finding was that plaintiff failed to prove that defendant agreed to pay plaintiff additional commissions for commercial lines business and plaintiff failed to prove any specific amount of such commissions.
Plaintiff established that he did not receive the court's decision until December 13, 1995. He filed the above motions on December 12, 1995.
At a hearing held on January 23, 1996, plaintiff argued that the court's decision was contrary to the law and evidence. He filed no brief in support of his arguments. This court finds them without merit and accordingly denies plaintiff's motion to set CT Page 1665 aside its decision.
The plaintiff's two motions to reopen the record and for a new trial on the basis of newly discovered evidence are treated by this court as a single motion.
At the hearing on the motion, plaintiff's attorney disclosed that he would call as a witness Brandie Suggs, a former office manager of the defendant, who would testify she knew that plaintiff and defendant had an agreement for plaintiff to be paid commercial lines commissions and that she created records regarding commercial lines commissions for plaintiff. However, when Ms. Suggs took the stand, she refused to testify as to any matters relating to the defendant's business on the grounds of self-incrimination because criminal proceedings were pending against her for allegedly embezzling funds of defendant.
Plaintiff then requested that the hearing on this motion be adjourned until Suggs' criminal proceeding terminated so she could testify. The court reserved decision on that request until all the evidence in support of the motion for a new trial was presented.
Plaintiff testified that he tried to locate Suggs before the trial because he knew she kept commercial lines commission records. However, by then she had left the defendant agency and remarried, so plaintiff did not succeed. In October, 1995, after the trial and during the briefing period, Suggs called plaintiff. Plaintiff was taken by surprise because, plaintiff testified, they had not been on friendly terms at the defendant agency. Plaintiff explained to Suggs he was in the midst of a trial with the defendant and that one of his problems of proof was that there were no commission reports in his name. Plaintiff testified Suggs said ". . . of course they existed and are there and she saw them. She printed them on a regular basis, and that she could have been invaluable at my trial."
Plaintiff testified he had not expected she would help him: "absolutely not, she's not going to do that. I wouldn't expect her to do that. And I'm not going to waste a phone call and waste my time making myself look foolish and attempting to get her testimony not knowing her situation."
 "The Court: And that conversation you said took place in October of ninety-five? CT Page 1666
The Witness [Plaintiff]: That was the first conversation we had.
The Court: And that was in October of ninety-five?
The Witness: Yes, it was."
Plaintiff and Suggs had several other conversations in November and December, 1995. Plaintiff testified:
 ". . . all of a sudden I realize that I don't have a hostile witness or a hostile person here at all. I've got a very friendly person that can be invaluable — that would have been invaluable to my case.
 Q: But she's going to help you by testifying in your favor at the hearing, is that right?
A: At first she had agreed to do that.
Q: Agreed with whom, sir?
A: She had told me that she had no objection testifying on my behalf."
Later, in December, 1995, Suggs told plaintiff that her attorney had advised her not to testify and if subpoenaed, she would take the Fifth Amendment.
To serve as grounds for a new trial, newly discovered evidence must satisfy five criteria: (1) the evidence must, in fact, be newly discovered; (2) it must be such that it could not have been discovered and produced on the former trial by the exercise of due diligence; (3) it must be material to the issue on a new trial; (4) it must not be merely cumulative; and (5) it must be likely to produce a different result. Lombardo v. State,172 Conn. 385, 390 (1977), Johnson v. Henry,38 Conn. Sup. 718, 720 (1983).
In the instant case the testimony of Suggs on the agreement of the parties for defendant to pay plaintiff commercial lines commissions and on the amount of those commissions was material, not cumulative and likely to produce a different result in the decision of this case. However, it did not meet the other two criteria.
While plaintiff testified he could not locate Suggs before CT Page 1667 the start of the trial, he also testified he knew she kept records of commercial lines commissions but he thought she was allied with the defendant agency and would not testify on plaintiff's behalf. This leads the court to infer that plaintiff did not exercise due diligence to find Suggs.
More significantly, plaintiff made contact with Suggs in October, 1995 and learned of what evidence she could give in the critical issue of the commercial lines commissions. In October the attorneys were preparing briefs and the trial was still pending. Plaintiff's attorney had an obligation to move to reopen the trial immediately on learning of this evidence. He could not withhold it, wait until the court had rendered its decision in December, 1995 and on the day before he received that decision, move to reopen and for a new trial. His knowledge of that evidence during the pendency of the trial rendered it not evidence newly discovered after the trial.
The plaintiff's motion to set aside this court's decision and his motion for a new trial are denied.
Robert Satter State Judge Referee